UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BROOKRIDGE FUNDING CORP.,          :
                                   :
        PLAINTIFF,                 :
                                   :
V.                                 :   CIVIL ACTION NO.09-CV-10489-WGY
                                   :
AQUAMARINE, INC., as successor in  :
interest to Euclase, Inc. through merger, :
EUCLASE, INC., and JOSEPH CURLEY,  :
                                   :
        DEFENDANTS.                :

### PLAINTIFF BROOKRIDGE FUNDING CORP.'S EMERGENCY MOTION TO CONTINUE TRIAL DATE

Plaintiff Brookridge Funding Corp. ("Brookridge") hereby moves this Honorable Court, pursuant to Fed. R. Civ. P. 40(b) and on an emergency basis, to continue the trial in the above captioned litigation, which is currently scheduled to begin on April 13, 2009, for a period of not less than ninety (90) days. As grounds for this motion, Brookridge states that the twelve-day period set by the Court between the filing of the complaint and the trial date is insufficient time to conduct full discovery and prepare for trial in this complex commercial litigation. Although Brookridge endeavored to meet the Court's original schedule of three weeks and take all necessary discovery within this limited period, it received indications from counsel for defendants Aquamarine, Inc., Euclase, Inc. and Joseph Curley (together, "Defendants"), as well as certain third party witnesses, that this compact schedule was simply not feasible. Now, with the Court moving the trial date up an additional nine days, this task is impossible. The relief requested by the plaintiff is necessary to allow for complete discovery and a fair trial on the merits of the claims. In further support of its motion, Brookridge states as follows:

1.      Brookridge initiated this action by filing its complaint on March 31, 2009, alleging sixteen counts against Defendants for: (1) violations of the Massachusetts Uniform Fraudulent Transfer Act (the "UFTA"); (2) conversion; (3) unjust enrichment; (4) negligence; (5) intentional misrepresentation; (6) tortious interference with contract; (7) civil conspiracy; and (8) unfair and deceptive trade practices under M.G.L. c. 93A.  In conjunction with the filing of the complaint, Brookridge sought prejudgment security in the form of a temporary restraining order/preliminary injunction and a trustee process attachment.  These prejudgment remedies are specifically listed as available to creditors such as Brookridge under the UFTA.  M.G.L. c. 109A, §8 (2009).

2.      The following day, on April 1, 2009, the Court held a hearing on the various motions for prejudgment relief.  After the hearing, the Court issued an order denying the temporary restraining order/preliminary injunction and the trustee process attachment.  The Court further collapsed the temporary restraining order/preliminary injunction hearing with a trial on the merits, and scheduled a trial date – May 4, 2009 if the parties agreed to trial by jury, and April 22, 2009 if the parties agreed to a bench trial.  The parties have since agreed to a bench trial.

3.      On April 9, 2009, while the parties were attempting to conduct full discovery within the limited timeframe set forth by the Court, counsel was informed by the clerk that the trial date had been set and moved forward to April 13, 2009.

4.      It can be inferred from the language of the Court's order regarding "collapsing" the hearing into the trial that it is relying on Rule 65(a)(2).  However, consolidation of the hearing and trial under that rule requires clear notice of the court's intent to consolidate as to enable them to prepare their position on the merits.  See, e.g., University of Texas v. Camenisch,

2

451 U.S. 390, 395 (1981). The notice must be given sufficiently early to allow the parties to assemble and present their evidence. See id. A trial date a mere 8 business days after the notice, where no discovery has been taken, is insufficient to meet these requirements. Parties are not required to prove their case in full at a hearing for preliminary injunction, and as a result, "it is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits." Id (citations omitted).

5. To prevail at trial, Brookridge will need to prove, to a preponderance of the evidence, multiple elements under the UFTA for which discovery is required, including "actual intent," "insolvency," "value," "reasonably equivalent value" and "good-faith." In addition, Brookridge will need discovery to prove the amount of its damages. This standard of proof far exceeds that which must be shown at a preliminary injunction hearing, where the moving party need only demonstrate, with respect to the merits of its claims, that there is a likelihood of success. See, e.g., Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003). This difference in the standards for the hearing and trial is reason enough not to "collapse" the two.

6. Moreover, according to the Advisory Committee Notes for the 1966 Amendment Rule 65 that added subdivision (a)(2), the "authority" to advance the trial on the merits and consolidate it with the hearing on the preliminary injunction is designed to avoid "repetition of evidence" and "can be exercised with particular profit when it appears that a substantial part of the evidence offered on the application will be relevant to the merits and will be presented in such form as to qualify for admission on the trial proper." Here, there is no repetition of evidence to be avoided -- the evidence presented at the hearing on the preliminary injunction was nothing more than an affidavit from a principal of Brookridge and a small number of the relevant

documents sufficient to prove the lesser standard of "likelihood of success". Much of the evidence to be presented for admission at trial has <u>yet to be discovered</u>.

7. Moreover, even the original twenty-one day period provided by the April 22, 2009 trial date has proven insufficient to conduct discovery and prepare for trial. Despite the short timeline, Brookridge immediately took steps to conduct full discovery within the Court's schedule. Brookridge proposed a schedule pursuant to which: (1) Rule 34 document requests would be served by April 6, 2009; (2) automatic disclosures would be served by April 7, 2009; (3) the answer to the complaint would be served by April 8, 2009; (4) documents would be delivered by the parties (as well as certain third party witnesses), and interrogatories and request for admissions served, by April 10, 2009; (5) depositions would take place between April 13, 2009 and April 21, 2009; and (6) interrogatory responses and admissions would be served by April 20, 2009. Given the Court's order, this schedule allowed very little room for rescheduling or delay.

8. At all times, Brookridge fully intended to comply with this discovery schedule. On April 3, 2009, Brookridge initiated the process for subpoenaing out of state witnesses, as well as documents from two non-parties within the Commonwealth of Massachusetts. On April 6, 2009, Brookridge served notices of deposition on opposing counsel for 11 depositions to be conducted over the course of the eight business days preceding the trial date. This deposition schedule did not account for any depositions to be taken by the Defendants. A calendar setting forth the proposed discovery schedule is attached hereto as **Exhibit A**.

9. Almost immediately, Brookridge began to encounter obstacles in its attempts to conduct full discovery prior to the April 22, 2009 trial date. On April 3, 2009, counsel for the Defendants indicated that he was unavailable for depositions on the morning of April 20, 2009,

and proposed that documents be produced by April 14, 2009. In response to a request that the documents be produced by April 10, 2009 so that they could be reviewed prior to taking depositions, counsel for Defendants responded: "[a]sking for docs to be produced in less than 7 days in unreasonable." A copy of this electronic mail exchange is attached hereto as **Exhibit B**.

10. More roadblocks to successful discovery were encountered on April 6, 2009, when defense counsel received the notices of deposition sent on behalf of Brookridge. Although limited by the Court's order to conduct depositions in eight days, defense counsel objected to holding multiple depositions on the same day, and stated that it was "unacceptable to have this many depositions right up until the day of trial." Defense counsel further indicated that a key witness, Ketill Helgason, lived in China, and would not be produced. A copy of this electronic mail message is attached hereto as **Exhibit C**.

11. Later that evening, defense counsel indicated that he would not accept service on behalf of his clients, despite the fact that he had already served written discovery. He further indicated that he could not attend depositions on April 20, 2009 and April 21, 2009, further limiting the time for Brookridge to prepare its case for trial. A copy of this electronic mail exchange is attached hereto as **Exhibit D**.

12. On April 7, 2009, third party Maritime International responded to the keeper of the records subpoena served by Brookridge by informing counsel that the relevant materials were offsite and that gathering materials for the relevant time periods would be "very time consuming, and impossible to achieve by April 17th." On April 9, 2009, Maritime further informed counsel for Brookridge that the scope of materials included "approximately 17 bankers boxes" and that given the loading schedule and year-end meetings, the soonest they could get to a review of the

materials would be the week of April 20th.  A copy of these electronic mail messages are attached hereto as **Exhibit E** and **Exhibit G**.

13.     In an effort to obtain discovery from Mr. Helgason, on April 7, 2009, Brookridge proposed that his deposition be taken via videoconference.  This effort was again met with resistance, as counsel for the Defendants advised that there was no broadband available, and that the 12 hour time difference would not allow for "a mutually convenient deposition."  A copy of this electronic mail exchange is attached hereto as **Exhibit F**.

14.     Despite its intent to go forward with the depositions starting on April 13, 2009, Brookridge has received no automatic disclosures or documents responses from the Defendants.  Without these documents, and adequate time to review them, Brookridge has been forced to suspend the depositions.  Moreover, although counsel for Defendants has frequently objected to the compact schedule of discovery necessary to meet the Court's trial date of April 22, 2009, he declined to assent to the present motion to continue the trial to a time that would allow for discovery to be completed.

15.     As a result of the infeasibility of completing discovery by April 22, 2009, Brookridge would be unfairly prejudiced were the trial to go forward on that date.  Given the nature of the claims asserted by Brookridge – in particular, the allegations of fraud and conspiracy – full discovery is necessary to meet its burden of proof at trial.  Although Brookridge has made every effort to comply with the Court's order, and obtain this discovery prior to the trial date, it has become evident that this task will be nothing short of impossible.

16.     Fed. R. Civ. P. 40(b) provides that "[c]ontinuances shall be granted only for good cause …".  Given the nature of the claims brought by Brookridge, the significant discovery

required to fully and fairly litigate this action, and the impossibly short time in which the Court has allowed the parties to prepare, good cause has been shown for a continuance of the trial date.

**WHEREFORE**, plaintiff Brookridge Funding Corp. respectfully requests that this Court grant its motion to continue the trial date for a period of no less than ninety (90) days from the date hereof.

Dated: April 9, 2009

Respectfully Submitted,
BROOKRIDGE FUNDING CORP.
By its Attorneys,


/s/ Rory Z. Fazendeiro
William F. Burke (BBO# 065780)
Rory Z. Fazendeiro (BBO# 648334)
Edward F. Whitesell, Jr. (BBO# 644331)
ADLER POLLOCK & SHEEHAN P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 482-0600 (t)
(617) 482-0604 (f)
wburke@apslaw.com (e)
rfazendeiro@apslaw.com (e)
ewhitesell@apslaw.com (e)

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 10, 2009 this document is being filed through the ECF system and, accordingly, is being sent electronically to the registered participants as identified on the Notice of Electronic Filing and a paper copy will be sent to any party indicated as a non registered participant.

/s/ Rory Z. Fazendeiro
Rory Z. Fazendeiro